779 A.2d 422

IN THE MATTER OF HOWARD J. HOFFMANN,
AN ATTORNEY AT LAW.

Decided September 7, 2001.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 00–211 concluding that **HOWARD J. HOFF-MANN** of **LITTLE FERRY,** who was admitted to the bar of this State in 1976, and who has been suspended from the practice of law since February 8, 2999, pursuant to Orders of this Court filed January 13, 1999, and March 8, 2000, should be suspended from the practice of law for a period of one year for violating *RPC* 1.3 (lack of diligence), *RPC* 1 .4(a) (failure to communicate), *RPC* 8.1(b) (failure to cooperate with ethics authorities) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that the period of suspension should be consecutive to the three-month term of suspension Ordered by the Court on March 8, 2000;

And the Disciplinary Review Board further having concluded that respondent should be required to complete the Skills and

474

Methods Course offered by the Institute for Continuing Legal Education and that on reinstatement to practice respondent should practice under the supervision of a supervising attorney for a period of two years;

And good cause appearing;

It is ORDERED that **HOWARD J. HOFFMANN** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective June 8, 2000; and it is further

ORDERED that within one year after his reinstatement to practice respondent shall enroll in and complete the Skills and Methods Course offered by the Institute for Continuing Legal Education and provide proof of his satisfactory completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.